*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL FARNSWORTH,

        Defendant-Appellant.

UNPUBLISHED
January 22, 2019

No. 342225
Livingston Circuit Court
LC No. 16-023521-FH

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his convictions of four counts of resisting or obstructing a police officer, MCL 750.81d(1), and one count of public intoxication and being a disorderly person, MCL 750.167(1)(e). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Prior to 2:00 a.m. on February 20, 2016, Brighton Police Department Officers Anthony Mitchell, Christopher Parks, and Thomas Sliwa responded to a call reporting an assault at a local bar. Upon arriving, the officers observed defendant, along with several staff and security members, outside the bar on the sidewalk. Bar staff informed Parks that defendant, who was visibly intoxicated, had been told to leave the bar, had refused, had attempted several times to push and force his way back in, and had attempted to punch two bouncers, grazing one bouncer's face. Parks and Sliwa decided to issue defendant a civil infraction for drunk and disorderly conduct under a local ordinance.

However, while Sliwa began writing the ticket in his patrol car, defendant's actions became more erratic. He approached the bar doors and yelled profanities at the security staff. Defendant also went in and out of the street, and Parks observed that there was a fair amount of traffic. Additionally, at this point, it was closing time, and a substantial number of patrons were filtering out of the bar.

The officers informed defendant that he would be receiving a ticket for being drunk and disorderly and for refusing to leave the bar when directed to do so. Defendant became "very

agitated" and "very argumentative" with the officers, swearing at them, using vulgar language, yelling at them, refusing to obey commands, and being uncooperative. Defendant also approached and began yelling at a fourth police officer on the scene, Livingston County Sheriff's Office Sergeant Kretzschmer, and he refused to comply with Kretzschmer's commands to step away. Parks advised defendant that he had two options: either get into the cab that the officers had called for him, or go to jail. Parks repeated these two options three times, but defendant refused to choose and, instead, continued to yell at the officers. Defendant then approached Sliwa with an outstretched hand, and the officers grabbed defendant's arms and wrists and decided to arrest him for the misdemeanor offense of being a disorderly person under MCL 750.167. Defendant resisted the officers' attempts to handcuff him and, once handcuffed, refused several commands to enter the patrol car's backseat. Following a struggle, the officers were finally able to get defendant fully into the patrol car.

At trial, defense counsel moved for a directed verdict, arguing that the arrest was unlawful and that the prosecution had not presented enough evidence for a rational trier of fact to be persuaded that the arrest had been lawful. Defense counsel argued that, under *People v Moreno*, 491 Mich 38; 814 NW2d 624 (2012), defendant had the common-law right to resist this unlawful arrest. The trial court denied defendant's motion.

## II. ANALYSIS

Defendant's sole argument on appeal is that the trial court erred by denying defendant's motion for a directed verdict because the evidence was insufficient for a rational trier of fact to be persuaded that the arrest was lawful. We disagree.

## A. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for a directed verdict. *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014). This Court must view the evidence in the light most favorable to the prosecution to determine whether such evidence "could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *Id*. (quotation marks and citations omitted).

## B. DISCUSSION

The trial court did not err by denying defendant's motion for a directed verdict. Examining the evidence in the light most favorable to the prosecution, a rational trier of fact could be persuaded that the arrest was lawful.

Our Supreme Court in *Moreno* recognized the common-law right to resist an unlawful arrest. *Moreno*, 491 Mich at 58. The Court stated that "the right to resist unlawful arrests, and other unlawful invasions of private rights, is well established in our state's common law." *Id*. at 46-47.

An arrest may be lawful in multiple ways. Relevant to this case, "[f]or an arrest to be lawful, the police officer making the arrest must have probable cause . . . that a felony or

-2-

misdemeanor was committed by the individual in the officer's presence . . . ." *People v Vandenberg*, 307 Mich App 57, 69; 859 NW2d 229 (2014).

Defendant argues that his arrest was unlawful because it was based at least in part on a violation of the local ordinance, a civil infraction, which cannot be the basis for a warrantless arrest. Defendant maintains that the evidence could not persuade a rational trier of fact that the arrest was lawful. However, we find defendant's arguments unpersuasive because the arrest was not based on the civil infraction but, rather, on two criminal offenses committed in the officers' presence: (1) being a disorderly person in violation of MCL 750.167 and (2) resisting or obstructing a police officer.

A rational trier of fact could be persuaded that defendant committed, in the officers' presence, the misdemeanor offense of being a disorderly person.

MCL 750.167(1)(e) provides:

> (1) A person is a disorderly person if the person is any of the following:
>
> * * *
>
> (e) A person who is intoxicated in a public place and who is either endangering directly the safety of another person or of property or is acting in a manner that causes a public disturbance.

A violation of MCL 750.167 is a misdemeanor offense. MCL 750.168(1).

At trial, Officers Parks, Sliwa, Mitchell, and Kretzschmer all testified that they believed defendant to have been heavily intoxicated. Parks testified specifically that defendant's clothes were disheveled, his speech was slurred, he swayed, there was alcohol odor on his breath, and his eyes were glossy and bloodshot. Additionally, a security guard for the bar testified that defendant was "stagger stepping" and "kind of stumbly," that "his eyes were very shaky," that he could not hold much of a conversation, and that he appeared intoxicated.

Furthermore, throughout the encounter with the police officers, defendant was in a public place because he was on a sidewalk outside the bar.

Additionally, a rational trier of fact could be persuaded that defendant acted in a manner that endangered people or property or caused a public disturbance. Parks observed defendant approach the bar doors and yell at security staff, using profanities, while a large number of patrons were leaving the bar at closing time. Defendant was consistently "very agitated," swore and yelled at the officers, and used vulgar language. Furthermore, Parks testified that defendant went in and out of the street, despite there being a fair amount of traffic, and Parks was concerned that he might get hit. From this, a rational trier of fact could conclude that defendant's erratic behavior endangered directly the safety of people or property or caused a public disturbance. MCL 750.167(1)(e).

A rational trier of fact could also conclude that defendant committed, in the officers' presence, the felony of resisting or obstructing a police officer.

MCL 750.81d(1) provides:

> Except as provided in subsections (2), (3), and (4), an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.

The elements of resisting or obstructing a police officer are: "(1) the defendant . . . resisted . . . [or] obstructed . . . a police officer, and (2) the defendant knew or had reason to know that the person that the defendant . . . resisted . . . [or] obstructed . . . was a police officer performing his or her duties." *Quinn*, 305 Mich App at 491 (quotation marks and citations omitted). Third, the police officer's actions must have been lawful. *Id*. at 491-492. The failure to comply with a lawful command can constitute obstruction. MCL 750.81d(7)(a). Additionally, threatening the use of physical interference or force can also constitute obstruction. MCL 750.81d(7)(a).

Kretzschmer testified that, after defendant started raising his voice and yelling at Kretzschmer, Kretzschmer asked defendant multiple times to step away but defendant refused to comply. Likewise, Parks testified that he and Sliwa approached defendant and told him that he needed to stop talking to Kretzschmer, but defendant ignored these commands. Parks further testified that he repeatedly gave defendant two options: get in the cab and go home, or go to jail. Defendant refused to choose an option and, instead, continued yelling at the officers in an agitated state while approaching Officer Sliwa with his hand outstretched. From this evidence, a rational trier of fact could conclude that defendant obstructed the officers by failing to comply with a lawful command, *Quinn*, 305 Mich App at 491-492, and that he threatened the use of physical interference or force on Sliwa, MCL 750.81d(7)(a). Furthermore, a rational trier of fact could be persuaded that defendant knew or should have known that the officers issuing these lawful commands were police officers performing their duties. Parks testified that he, Sliwa, and Mitchell drove in marked patrol cars and that each of them was in full police uniform. Defendant even asked for their badge numbers, showing that he had direct knowledge of the officers' status as police officers.

Defendant maintains that he had the common-law right to resist the officers' arrest. However, *Moreno* applies only when an officer's actions are *unlawful*. The jury was properly instructed on the charged offenses of being a disorderly person and resisting or obstructing a police officer, the differences between misdemeanors and civil infractions, and what constitutes a lawful arrest. Because a rational trier of fact could have found the arrest lawful, *Moreno* is inapposite.

Affirmed.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jonathan Tukel

-4-